The Disciplinary Review Board having filed with the Court its decision in DRB 17-048, concluding that as a matter of reciprocal discipline pursuant to Rule 1:20-14(a)(4)(E), STEVEN LEON ELLMAN of COTO DE CAZA, CALIFORNIA, who was admitted to the bar of this State in 1990, should be suspended from the practice of law for retroactive period of three months, based on discipline imposed in California that in New Jersey constitutes violations of RPC 1.1(a) (gross neglect), RPC 1.3 (lack of diligence) RPC 1.4(b) (failure to keep client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information), RPC 1.15(a) (negligent misappropriation of client funds and commingling of funds), RPC 1.15(b) failure to promptly notify a client or third person of receipt of funds and failure to promptly *1143 distribute funds that a client or third person is entitled to receive), RPC 1.15(c) (failure to segregate disputed **476 funds), RPC 1.15(d) (failure to comply with recordkeeping rules), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
And STEVEN LEON ELLMAN having been ordered to show cause why he should not be disbarred or otherwise disciplined:
And the Court having determined that a three-month retroactive suspension, with conditions, is the appropriate quantum of discipline for respondent's unethical conduct;
And good cause appearing;
It is ORDERED that STEVEN LEON ELLMAN is suspended from the practice of law for a period of three months, retroactive to November 13, 2013, and until the further Order of the Court; and it is further
ORDERED that following reinstatement to practice, respondent shall submit quarterly reconciliations of his attorney accounts to the Office of Attorney Ethics for a period two years, and until the further Order of the Court; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual **477 expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.
JUSTICE ALBIN, DISSENTING, WOULD REMAND THE MATTER TO THE OFFICE OF ATTORNEY ETHICS FOR INVESTIGATION OF THE FACTS UNDERLYING THE CALIFORNIA STIPULATION.